UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: _____

ISLANDE AUBOURG,

    Plaintiff,

v.

HOLY CROSS HOSPITAL, INC.,

    Defendant,

_____/

## COMPLAINT

The Plaintiff ISLANDE AUBOURG sues Defendant HOLY CROSS HOSPITAL, INC and alleges:

### INTRODUCTION

1. This is an action by Plaintiff ISLANDE AUBOURG, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); 42 U.S.C. § 1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to her by the Defendant, HOLY CROSS HOSPITAL, INC's discriminatory treatment on the basis of race and sex.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as

1

the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

3. The venue of this action is properly placed in the Southern District of Florida, Ft. Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Broward County, Florida.

## PARTIES

4. Plaintiff ISLANDE AUBOURG ("Aubourg" or "Plaintiff"), is a resident of Broward County, Florida, who was employed by Defendant HOLY CROSS HOSPITAL, INC. At the time of her employment with Defendant resided in Broward County and as a black woman is a member of certain classes of protected persons.

5. Corporate Defendant HOLY CROSS HOSPITAL, INC ("Holy Cross" or "Defendant"), is a corporation authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court. Holy Cross is, and at all times relevant was, a hospital and its business activity affected interstate commerce.

## PROCEDURAL REQUIREMENTS

6. All conditions precedent to this action have been fulfilled. Plaintiff dual-filed two Charges of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about March 13, 2020, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination, which was received by the Plaintiff on, or about March 18, 2020. *See* **composite Exhibit "A."**

STATEMENT OF FACTS

7. Plaintiff was employed by Defendant as a respiratory therapist from February 1, 2016 her termination on July 9, 2019.

8. During Plaintiff's employment, she worked diligently and excelled in her work responsibilities.

9. However, from the time she started, she received and observed disparate treatment between white employees and employees who were of a different race or color, specifically Black women.

10. Defendant's management engaged in a pattern of discriminatory treatment based on the race and/or color of female employees.

11. During her employment, Plaintiff's manager Andrea Scott indicated that she wanted a mixture in culture in our department.  But what this actually meant is that she wanted to reduce the number of Black employees.

12. To the end, Defendant engaged in a pattern of false and unwarranted discipline against the Plaintiff.

13. On, or about, June 7, 2019, Plaintiff was falsely written up for violating isolation protocols, she was suspended and not paid for that pay period.

14. At the time of the write up, Plaintiff did not even have a patient in isolation.

15. After an investigation, Plaintiff was cleared of any misconduct and subsequently paid.

16. However, after her suspension Plaintiff began to be followed around and scrutinized by her supervisor James Carter, a Hispanic male.

17. Mr. Carter did not treat non-Black employees the same way.

18. On, or about, June 21, 2019, Plaintiff was disciplined for starting her work assignment late.

19. However, his discipline was once again unwarranted and discriminatory

20. On June 21, 2019, When Plaintiff arrived at work she was approached by new respiratory therapist, Wilson (ULN) regarding a question that he had had regarding his assignment.

21. Plaintiff spoke to Wilson for approximately 20 - 25 minutes, and after she was finished speaking to him, she started her assigned work.

22. Even though she started her assignments approximately 20 – 25 minutes after her shift started, this was not a violation of policy, as a general practice therapists was were given a window to complete an assignment, not given a specific time.

23. On most occasions, non-Black employees would start later than 7:30 pm, after receiving their assignments, and were never subject to any discipline.

24. Prior to these unwarranted disciplinary issues, Plaintiff was passed over for positions that she was more than qualified for in favor of a less qualified white male.

25. In February 2019, Plaintiff applied for the Arterial Blood Gas (ABG) team leader position via email however her manager Andrea Scott, a white woman, did not respond.

26. With over fourteen years of experience and a master's in healthcare administration, Plaintiff more than met the qualifications for the position.

27. However, Ms. Scott instead hired a white male with a Bachelor of Science

degree and fewer years of experience, while Plaintiff did not even receive consideration.

28.	Prior to this Plaintiff failed to receive consideration for a respiratory therapy team lead position in August 2018 that she was more than qualified for as well.

29.	Plaintiff was subsequently terminated on July 9, 2019.

30.	At the time of Plaintiff's termination, of the approximately fifty women working in the respiratory therapy department only four were Black.

31.	Further, Ms. Scott hired approximately six to seven new employees in 2019, all of which were Hispanic or White.

32.	Additionally, Ms. Scott's bias was evident in other areas. She hosted an event at her house and only invited the White team leaders.

33.	She mentioned the Black per diem employees were not as committed to the job as the White per diem employees and promoted all the White per diem employees to full-time positions. When the Black per diem employees questioned their status, they were told that they were not qualified

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

34.	Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 above as if set out in full herein.

35.	Plaintiff is a member of a protected class of black citizens.

36.	At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

37. During Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile and offensive work environment, which was substantially motivated by her race, as more fully described in paragraphs 7-33 of this Complaint.

38. The offensive and discriminatory conduct referred to in paragraphs 7-33 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

39. Plaintiff was terminated on, or about, July 9, 2019.

40. Defendant's decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's race. Alternatively, Plaintiff's race was a motivating factor in Defendant's decision to discriminate against Plaintiff.

41. The Plaintiff was qualified for the position.

42. Additionally, Defendant's failure to promote Plaintiff employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because her race, in violation of the Act.

43. Any alleged nondiscriminatory reason for failing to promote, subjecting to unwarranted discipline, and ultimately terminating Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the discriminatory treatment.

44. The Defendant's actions were malicious and were recklessly indifferent to the

Plaintiff's rights protecting a person from discrimination due to her race. The discrimination based on race constitutes unlawful discrimination.

45. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

46. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

47. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

48. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

49. Plaintiff's harassment by the Defendant, failure to promote, and Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her race. Alternatively, Plaintiff's race was a motivating factor that made Defendant harass and terminate Plaintiff.

50. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

51. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's race.

52. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race.

Discrimination based on race constitutes unlawful discrimination.

53. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISLANDE AUBOURG respectfully requests that this court order the following:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages according to proof;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON RACE

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 and above as if set out in full herein.

55. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or*

> *refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

56. Plaintiff is a member of a protected class of black citizens

57. Defendant's decision to discriminate against Plaintiff was because of her race. Alternatively, Plaintiff's race was a motivating factor that caused Defendant to discriminate against Plaintiff.

58. At all relevant times, including the time of discrimination, Defendant was aware that Plaintiff was black.

59. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

60. The Plaintiff was qualified for the position apart from her apparent race.

61. The Plaintiff was discriminated against by her supervisors Andrea Scott and James Carter because she was black.

62. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

63. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

64. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

65. Plaintiff was not promoted, subjected to unwarranted discipline, and

wrongfully terminated by the Defendant and Plaintiff's treatment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's race.

66. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

67. Any alleged nondiscriminatory reason for the Plaintiff's treatment asserted by Defendant is a mere pretext for the actual reason, Plaintiff's race.

68. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. Discrimination based on race constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISLANDE AUBOURG respectfully requests that this court order the following:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages according to proof;

f. Award Plaintiff reasonable costs and attorney's fees; and

      g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON SEX

69. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 above as if set out in full herein.

70. Plaintiff is a member of a protected class of women.

71. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

72. During Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile and offensive work environment, which was substantially motivated by her sex, as more fully described in paragraphs 7-33 of this Complaint.

73. The offensive and discriminatory conduct referred to in paragraphs 7-33 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

74. Plaintiff was terminated on, or about, July 9, 2019.

75. Defendant's decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's Sex. Alternatively, Plaintiff's Sex was a motivating factor in Defendant's decision to discriminate against Plaintiff.

76. The Plaintiff was qualified for the position.

77. Additionally, Defendant's failure to promote Plaintiff employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because her Sex, in violation of the Act.

78. Any alleged nondiscriminatory reason for failing to promote, subjecting to unwarranted discipline, and ultimately terminating Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the discriminatory treatment.

79. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to her Sex. The discrimination based on Sex constitutes unlawful discrimination.

80. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

81. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

82. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

83. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her Sex in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

84. Plaintiff's harassment by the Defendant, failure to promote, and Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her Sex. Alternatively, Plaintiff's Sex was a motivating factor that made Defendant harass and terminate Plaintiff.

85. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

86. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex.

87. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination based on Sex constitutes unlawful discrimination.

88. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISLANDE AUBOURG respectfully requests that this court order the following:

   a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

   b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

   c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

   d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages according to proof;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON SEX

89. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 and above as if set out in full herein.

90. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

91. Plaintiff is a member of a protected class of black citizens

92. Defendant's decision to discriminate against Plaintiff was because of her race. Alternatively, Plaintiff's Sex was a motivating factor that caused Defendant to discriminate against Plaintiff.

93. At all relevant times, including the time of discrimination, Defendant was aware that Plaintiff was black.

94. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

95. The Plaintiff was qualified for the position apart from her apparent Sex.

96. The Plaintiff was discriminated against by her supervisors Andrea Scott and James Carter because she was a woman.

97. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

98. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

99. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her Sex in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

100. Plaintiff was not promoted, subjected to unwarranted discipline, and wrongfully terminated by the Defendant and Plaintiff's treatment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

101. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

102. Any alleged nondiscriminatory reason for the Plaintiff's treatment asserted by Defendant is a mere pretext for the actual reason, Plaintiff's Sex.

103. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISLANDE AUBOURG respectfully requests that this court order the following:

   a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

   b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

   c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

   d. Award Plaintiff prejudgment interest on her damages award;

   e. Award Plaintiff punitive damages according to proof;

   f. Award Plaintiff reasonable costs and attorney's fees; and

   g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V: VIOLATION OF 42 U.S.C. § 1981

133. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this Complaint as if set out in full herein.

134. Plaintiff is a member of a protected class of black citizens.

135. At all times relevant, Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

136. During the course of Plaintiff's employment with the Defendant, the Defendant has violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

137. During Plaintiff's employment with the Defendant, Plaintiff has not enjoyed the same benefits, privileges, terms, and conditions of employment, as have non-black employees of the Defendant.

138. The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 7-33 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

139. The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 7-33, denied Plaintiff the right to make and enforce contracts as enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

140. Through its actions and treatment of Plaintiff, the Defendant intended to discriminate against Plaintiff based on Plaintiff's race.

141. During Plaintiff's employment with the Defendant, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 7-33 of this Complaint.

142. The Defendant, at all times, had knowledge of the discriminatory acts and conduct by Plaintiff's supervisors Andrea Scott and James Carter described in this Complaint.

143. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

144. Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff requests that this honorable court:

    a. Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

   b. Award Plaintiff actual damages suffered;

   c. Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

   d. Award Plaintiff prejudgment interest on his damages award;

   e. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

   f. Award Plaintiff reasonable costs and attorney's fees; and

   g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: June 15, 2020.

                                                Respectfully submitted,

                                                By: _s/ Brandon J. Gibson_
                                                Brandon J. Gibson, Esq.
                                                Fla. Bar No.: 99411
                                                bgibson@bjglawfirm.com
                                                The Law Office of Brandon J. Gibson, PLLC
                                                3800 Inverrary Blvd., Ste. 401-T
                                                Lauderhill, Florida 33319
                                                Telephone: (754) 229-1151
                                                Facsimile: (844) 761-1555